JOURNAL ENTRY and OPINION
{¶ 1} Vittorio Delgado appeals from a judgment of the common pleas court which sentenced him to a prison term of 11 years in connection with his plea of guilt to trafficking in crack cocaine, possession of crack cocaine, and failure to comply with an order or signal of a police officer. On appeal, he claims court errors relating to his guilty plea and his sentence, and he also claims ineffective assistance of counsel. Because we have concluded that Delgado failed to file either a timely App.R. (4) appeal as of right, or a delayed appeal in conformity with App.R. (5), we lack jurisdiction to entertain this appeal, and we are constrained to dismiss it.
{¶ 2} The record reflects that on August 26, 1997, the grand jury returned a three-count indictment against Delgado for trafficking in crack cocaine, possession of crack cocaine, and failure to comply with an order or signal of police officers, a fourth degree felony. Initially, Delgado entered a plea of not guilty to the indictment but subsequently, on March 3, 1998, retracted that plea and entered a guilty plea to all three counts. On March 13, 1998, the court sentenced him to a total of 11 years at the Lorain Correctional Institution for these offenses.
{¶ 3} On September 16, 1998, Delgado filed a post-conviction petition to vacate or set aside his sentence, which the court denied. Delgado appealed from that decision, which our court affirmed, in State v. Delgado (Jan. 2000), Cuyahoga App. No. 76760.
{¶ 4} On May 14, 2001, Delgado filed a Motion for Leave to Appeal Sentence, invoking his right to appeal under R.C. 2953.08; our court granted that motion, and this appeals follow. In his appellate brief, Delgado raises four claims: that he did not make his guilty plea knowingly and voluntarily because the court did not inform of him of the mandatory post-release controls; that the court improperly accepted his guilty plea because it did not inform him of the precise nature of his offenses; that the court imposed an additional one-year period without making the requisite findings; and that he was denied his right to effective assistance of counsel in connection with his plea.
{¶ 5} A threshold matter in any appeal is whether the appellate court has jurisdiction to entertain the appeal, the primary jurisdictional hurdle in any appeal from a trial court decision being whether the notice of appeal has been timely filed. See State v. Chapman, Cuyahoga App. No. 79812, 2002-Ohio-1081.
{¶ 6} We begin by noting that R.4 and R.5 of the Rules of Appellate Procedure set forth two distinct categories of appeals.
{¶ 7} App.R. 4, styled Appeal as of Right, states in relevant part:
{¶ 8} (A) Time for appeal.
 {¶ 9} A party shall file the notice of appeal required by App.R. 3 within thirty days of the latter of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
{¶ 10} By contrast, App.R. 5, styled Appeals by Leave of Court in Criminal Cases, provides in pertinent part:
 {¶ 11} (A) Motion by defendant for delayed appeal.
 {¶ 12} After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * * (Emphasis added.)
{¶ 13} Here, Delgado filed the instant appeal, captioned as Motion for Leave to Appeal Sentence (emphasis added) on May 14, 2001, almost three years after the court journalized the March 13, 1998 judgment he purports to challenge. In the body of his motion, he cited R.C. 2953.08 as a basis for his right to appeal, and he requested our court to modify his sentence, claiming the lab report indicated the substance involved was cocaine, not crack cocaine, and arguing because trafficking in cocaine only carries a maximum sentence of eight years, the trial court had improperly imposed a 10-year sentence.
{¶ 14} Clearly, Delgado's characterization of his motion for leave to appeal combined with our review of the provisions of App.R. 4(A) impel the conclusion that this is not an appeal as of right. However, a careful review of that motion and the brief in support reveals that neither sets forth the reasons justifying his failure to perfect an appeal as of right as required by App.R. 5. Because of this defect, we are also unable to construe this appeal as a delayed appeal authorized by App.R. 5. See, also, State v. Watson (June 28, 2001), Mahoning App. No. 01 C.A. 112.
{¶ 15} Accordingly, Delgado's instant appeal is neither an App.R. 4 appeal as of right nor a delayed appeal permitted by App.R. 5.
{¶ 16} Construing this appeal as one purportedly taken pursuant to R.C. 2953.08, we recognize that this statute sets forth the grounds upon which a defendant who is convicted of or pleads guilty to a felony may appeal a sentence as a matter of right; further, the statute directs an appellate court to modify or vacate a sentence if it finds by clear and convincing evidence that the record does not support the sentence or if it is contrary to law.
{¶ 17} This statute, however, requires that such an appeal of a sentence shall be filed within the time limits specified in Rule 4(B) of the Rules of Appellate Procedure. The relevant portion of App.R. 4(B) provides the following:
{¶ 18} (B) Exceptions.
 {¶ 19} The following are exceptions to the appeal time period in division (A) of this rule:
 {¶ 20} (3) Criminal post-judgment motion. In a criminal case, if a party timely files a motion for arrest of judgment or a new trial for a reason other than newly discovered evidence, the time for filing a notice of appeal begins to run when the order denying the motion is entered. A motion for a new trial on the ground of newly discovered evidence made within the time for filing a motion for a new trial on other grounds extends the time for filing a notice of appeal from a judgment of conviction in the same manner as a motion on other grounds. If made after the expiration of the time for filing a motion on other grounds, the motion on the ground of newly discovered evidence does not extend the time for filing a notice of appeal.
{¶ 21} Pursuant to this rule, a motion to arrest judgment or a motion for a new trial extends the time for filing the notice of an appeal under App.R. 4, and the time does not begin to run until after the court's denial of the motion.
{¶ 22} By referring to App.R. 4 (B), which provides exceptions to the 30-day rule when a defendant timely files a motion for a new trial or to arrest judgment, R.C. 2953.08 appears to allow an extension to the 30-day period only when a defendant files a motion for a new trial or arrest of judgment in conjunction with his felony sentence appeal. When no such motions are filed, the general 30-day rule applies. Here, Delgado has not filed either a motion to arrest judgment or a motion for a new trial; rather, he filed his R.C. 2953.08 appeal almost three years after imposition of his sentence, considerably beyond the statutory filing period.
{¶ 23} Accordingly, we do not have before us a properly filed delayed appeal because Delgado did not comply with the procedure set forth in App.R. 5; neither are we presented with a R.C. 2953.08 felony sentence appeal because he did not timely file such an appeal.[1]
Accordingly, we lack jurisdiction to review the claims raised in this appeal.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and FRANK D. CELEBREZZE, JR., J. CONCUR
[1] Although R.C. 2953.08 permits a defendant in Delgado's situation to appeal sentence as a matter of right under certain grounds, Delgado filed a motion for leave to appeal sentence, which we now recognize we have improvidently granted.